The Committee bn Elections, to- whom was referred the petition of William H. Morgan that he may be declared to be a duly elected member of the House of Representatives for the twenty-second Suffolk district, which is composed of ward 22, Boston, submit the following report: —
The above petition was received and referred to the committee Jan. 24, 1896. It alleged in substance that a mistake had been made in the count.
A petition of Frederick Bleiler, in substance alleging the same as the petition now in question, asking that he may be declared a duly elected member of the House of Representatives for said district, was referred to your committee Jan. 8, 1896 ; and as both petitions involved the same question, the committee acted upon them simultaneously.
*88 The committee gave a hearing on said petitions Jan. 27 and Jan. 28, 1896, at which hearing the committee made a recount of the ballots cast in the district.
Another candidate, besides the said petitioners, for representative in said district, was James T¡ Brickley.
According to the official returns, the vote for representative on a recount by the Board of Election Commissioners of the city of Boston was as follows : —
Bleiler, 1,434; Brickley, 146; Morgan, 1,434.
The powers of the House and of this committee are conferred by the Constitution of the Commonwealth, chapter 1, section 3, article 10, which provides that the House of Representatives shall be the judge of the returns, election and qualification of its own members as pointed out in the Constitution.
Upon the recount by the committee, eight ballots were contested by counsel, but objection was afterwards waived as to three ballots, leaving five for the consideration of your committee.
The committee were unanimous in counting all except one ballot, cast in precinct 10, which if allowed for Bleiler, as claimed by his counsel, would make the result a tie; the vote, without counting said ballot, being as follows: —
Bleiler, 1,438; Morgan, 1,439.
The petitioner contended that this ballot should be thrown out, on the ground that it was defective.
The result of the vote in the block of fifty in which this ballot was found would be unchanged by your committee’s count if. this ballot were thrown out, the count of the Board of Election Commissioners being: Bleiler, 40; Brickley, 1; Morgan, 5, and 4 blank or defective ; while that of the committee was : Bleiler, 40; Brickley, 1; Morgan, 5; blank or defective 3, with said ballot in question.
In voting for the candidates for the various offices in said ballot, except in that of sheriff, where he did not vote, and in that of representative, the voter had done so by placing a well-defined cross in the square at the right of the names to be voted for, voting in every instance for the candidate of the Democratic party. In that part of the ballot where the names of candidates for representative in the General Court were placed, above the spaces prescribed for the candidates’ names, and directly beneath the words “ mark one,” there appeared a cross, no part of which was included by the parallel lines within which the names of the candidates appear.
The first name in order on the ballot of the candidates for representative was that of Frederick Bleiler, and was the nearest to the cross.
*89 The following is a fac-simile of the part of the ballot in question : —

Section 162 of chapter 417 of the Acts of the year 1893 provides that “ the voter shall prepare his ballot by marking in the square a cross at the right of the name and designation, if any, of the candidate of his choice for each office to be filled, or by inserting the name of the candidate of his choice in the blank space provided therefor, and marking a cross in the square at the right of the name; ” and section 173 of the same chapter, provides that “ if a voter marks more names than there are persons to be elected to an office, or if for any reason it is impossible to determine the choice of the voter for any office to be filled, his ballot shall not be counted for such office.”
Your committee is in full accord with the view taken by previous legislatures that the provision of section 162 is directory rather than mandatory, and recognize the principle that in all cases the intent of the voter should govern, when it can be ascertained.
But your committee is of the opinion that it is impossible to determine the intention of the voter in the present instance with any degree of certainty, and is unwilling to establish the precedent that where the cross lies entirely outside of all spaces set apart for each candidate’s name and the mark for the same, or the horizontal lines enclosing such spaces extended, and where there are several candidates and there is nothing to indicate the voter’s intention, the ballot should be counted for the candidate whose name happens to appear nearest to the cross ; and therefore your committee recommend that the petitioner, William H. Morgan, be given his seat.